HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLAN PARMELEE; and THE COMMITTEE FOR GOVERNMENT ACCOUNTABILITY, a not-for-profit organization<br><br>Plaintiffs,<br><br>v.<br><br>ROB McKENNA, Attorney General of Washington,<br><br>Defendant. | Case No. C08-5633RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REMAND TO WASHINGTON STATE COURT |

## I. INTRODUCTION

THIS MATTER is before the Court on defendant Rob McKenna's ("McKenna") Motion for Partial Summary Judgment [Dkt. # 16]. For reasons explained below, the Court **GRANTS** the defendant's Motion for Partial Summary Judgment on plaintiff Allan Parmelee's ("Parmelee") First Amendment claims and remands the remaining state law claims to Thurston County Superior Court.

## II. BACKGROUND

Parmelee is an inmate at the Clallam Bay Corrections Center. He is also a member of the Committee for Government Accountability, which is a not-for-profit organization committed to improving government through advocacy and actions. Defendant McKenna is the Attorney General for the State of Washington.

The factual basis for Parmelee's federal and state law claims is that the Office of the Attorney

ORDER
Page - 1

General of Washington denied his State Public Records Act ("PRA") request for the personnel files[1] of Assistant Attorney Generals. Parmelee claims that the Attorney General is avoiding accountability and liability by not responding to his requests, thereby violating his First Amendment right. McKenna claims that Parmelee has no First Amendment right to access these records.

The complaint was originally filed in the Washington State Superior Court in Thurston County on September 18, 2008. McKenna removed the case to this Court. This Court has original jurisdiction over Parmelee's First Amendment claims pursuant to 28 U.S.C. §1331 and §1343. The Court has supplemental jurisdiction over Parmelee's state law claims under 28 U.S.C. §1367. McKenna has moved for summary judgment on Parmelee's First Amendment Claim.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial. *Id.* at 249. In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [factfinder] could return a [decision] in its favor." *Triton Energy,* 68 F.3d at 1221.

### IV. FIRST AMENDMENT CLAIM

**A. First Amendment Claims Are Properly Prosecuted Under 42 U.S.C. §1983**

Parmelee brings a First Amendment claim against McKenna. However, alleged constitutional violations are generally redressed under 42 U.S.C. §1983. *See* 42 U.S.C. §1983; *Martinez v. City of Los*

---

[1] According to defendant, Parmelee has submitted at least 223 public records requests at the DOC. The 21,912 pages of responsive documents produced have cost the state $4,391.32, of which only $133.52 the plaintiff has paid. *See* [Decl. of Denise Vaughan Dkt. #26]. Ms. Vaughan believes that Parmelee's requests have had a permanent detrimental impact on the Department of Corrections ("DOC").

ORDER
Page - 2

*Angeles,* 141 F.3d 1373, 1382, 1383 (9th Cir. 1998). Nevertheless, the Court will address the merits of Parmelee's First Amendment claim**.**

**B. There Is No Constitutional Right to Access Government Records Under the First Amendment**

Parmelee asserts that he has a First Amendment right to access information about certain Washington State Assistant Attorney Generals. McKenna argues, and the Court agrees, that Parmelee does not have a First Amendment right to access these records. The United States Supreme Court has held that there is no Constitutional right of access to government held information. *Houchins v. KQED.,* 438 U.S. 1, 15 (1978). *Houchins* is the general rule used by the Supreme Court and circuit courts when faced with a claim of a First Amendment right to government information. *See Center for Nat'l Sec. Studies v. U.S. Department of Justice,* 331 F.3d 918, 935, 936 (D.C. Cir. 2003) (rejecting a First Amendment right to information); *United States v. Gonzales,* 150 F.3d 1246, 1255 (10th Cir. 1998) (rejecting constitutional claim of access to Criminal Justice Act documents, and stating that "it is clear that no First Amendment right of access applies to CJA documents any more than it applies to administrative documents located in the executive branch").

Parmelee claims that McKenna violated his First Amendment rights by failing to provide certain government records pursuant to the Washington State Public Records Act [Dkt. #1-2]. However, refusing to provide Parmelee with information about the Assistant Attorney Generals is not a violation of the First Amendment. The First Amendment does not provide unfettered access to government information, and the case law is overwhelmingly against using the First Amendment as a cause of action.

**C. The *Houchins* Rule, Rather than the *Richmond Newspapers* Exception, Applies**

Parmelee suggests that the Court should apply the "experience and logic" First Amendment analysis. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980); [Dkt. #25]. This analysis is inappropriate in this setting. When dealing with a non-criminal proceeding it is more appropriate for Courts to use the general rule prescribed by *Houchins.* The Supreme Court has never applied the *Richmond Newspapers* test to a non-criminal proceeding. *Center for National Security Studies,* 331 F.3d at 935, *cert. denied*, 540 U.S. 1104 (2004). Instead the Supreme Court has applied the general rule of *Houchins,* 438 U.S. at 15. This is a non-criminal proceeding, therefore we will apply *Houchins* rather than the *Richmond Newspapers* exception.

## V. CONCLUSION

Partial summary judgement is **GRANTED** for McKenna, and Parmelee's First Amendment claim is hereby **DISMISSED**. Because the Court grants the defendant's Motion on the First Amendment issue, we will not address the Qualified Immunity issue. The Court declines to exercise supplemental jurisdiction under §1367, and remaining state law claims are remanded to the Thurston County Superior Court.

**IT IS SO ORDERED**

DATED this 19th day of June, 2009

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE